IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC C. PENDLETON )
)
v. ) NO. 3:19-0695
)
WAL-MART SUPERCENTER, et al. )

**TO: Honorable William L. Campbell, Jr., District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 9, 2019 (Docket Entry No. 6), this *pro se* and *in forma pauperis* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 29) filed by Defendants Wal-Mart Supercenter, Wal-Mart Inc., and Claims Management Inc. Plaintiff has responded in opposition to the motion. *See* Docket Entry No. 42. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that these three Defendants be dismissed from the action.

## I. BACKGROUND

Eric C. Pendleton ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on August 9, 2019, alleging that he became violently ill and required hospitalization after eating two bags of romaine lettuce that he purchased from the Wal-mart Supercenter on Charlotte Pike in Nashville, Tennessee on November 15, 2018. He contends that the lettuce was contaminated with the E-coli pathogen and that he suffered personal injury, as well as economic loss and mental anguish, because of becoming ill after eating the lettuce and because of lingering medical complications. He seeks $100,000.00 in compensatory damages and $2,000,000.00 in punitive damages. *See* Amended Complaint (Docket Entry No. 22) at 12-13.

Upon initial review of the original pleadings under 28 U.S.C. § 1915(e)(2), the Court: (1) dismissed with prejudice claims brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights; (2) dismissed with prejudice the claims against "Adam, Claims Manager;" (3) dismissed without prejudice the claims against "John and Jane Doe" defendants; and, (4) directed that process issue to Wal-Mart Stores, Inc., and Bonita Package Company based on potentially viable claims under state products liability law. See Docket Entry No. 6 at 3-4.

In his amended complaint, Plaintiff identifies the current defendants as – Wal-Mart Supercenter, Wal-Mart, Inc., Claims Management, Inc.("CMI"), Tmimura & Antle Product Company, and Helena Beckett, Tamimura & Antle Package Company. Plaintiff alleges that, upon filing a claim with a claim manager at the store, he was informed that Bonita Package Company was the vendor for the lettuce and was given a claim number. *See* Amended Complaint at 7. However, he asserts that he was never contacted about his claim, prompting him to file this lawsuit. *Id*. at 8. He alleges that he learned from speaking to an insurance claims consultant in September 2019 that "Tamimura & Antle Package Company," not Bonita Package Company, was the vendor that had sold the lettuce to the Wal-Mart Supercenter. *Id*. at 8-9. Plaintiff does not state in his Amended Complaint the outcome or current status of the claim that he originally filed or of any other claim that may have been filed against the correct lettuce vendor. Plaintiff asserts that his lawsuit is brought against Defendants for strict products liability, product liability, defective product, negligence, and breach of express and implied warranties. *Id*. at 2. Although the Court has already determined upon initial review that Plaintiff fails to state claims under 42 U.S.C. § 1983 for violation of his constitutional rights based on the alleged facts, Plaintiff includes Section 1983 claims in his Amended Complaint. *Id.*

Defendants Wal-Mart Supercenter, Wal-Mart, Inc., and CMI filed an answer to the Amended Complaint, *see* Docket Entry No. 28, in addition to their pending motion to dismiss. An answer to the Amended Complaint has also been filed by Tanimura & Antle Fresh Foods, Inc. ("Tanimura &

2

Antle"). *See* Docket Entry No. 41.¹ Because of the time that it has taken for Plaintiff to finalize his pleadings and serve the defendants, a scheduling order has not yet been entered in the case.

## II. MOTION TO DISMISS

Defendants Wal-Mart Supercenter and Wal-Mart, Inc. (hereinafter referred to collectively as "the Wal-Mart Defendants")² and Defendant CMI seek dismissal of the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that: 1) the Court has already dismissed Plaintiff's constitutional claims brought under 42 U.S.C. § 1983; 2) Plaintiff fails to allege any facts that support a claim against Defendant CMI; and, 3) Plaintiff's claim against the Wal-Mart Defendants as the seller of the allegedly contaminated lettuce must be dismissed because Plaintiff has not alleged facts showing that one of the statutory exceptions provided for in the Tennessee Products Liability Act ("TPLA"), Tenn. Code. Ann § 29-28-106, applies so as to permit a products liability claim to be brought against a product seller. *See* Memorandum of Law in Support (Docket Entry No. 30).

In response, Plaintiff argues that, when his Amended Complaint is considered in its entirety, his allegations are sufficient to state claims against the Wal-Mart Defendants and Defendant CMI. *See* Response (Docket Entry No. 42). Plaintiff does not directly address the specific legal arguments for dismissal raised by the moving Defendants, but argues that his allegations support claims against "Defendants" for strict liability, negligence and negligence *per se*, and breach of express and implied warranties. *Id*. at 10-12. He further contends that "Defendants" have violated "both Tennessee Food, Drug, and Cosmetic Act, Tennessee Code Annotated, Title 53." *Id*. at 4.

---

¹ Although not named as a defendant, the answer was filed by Tanimura & Antle Fresh Foods, Inc., which asserts that it is a wholly owned subsidiary of Tanimura & Antle, Inc., and that "Tmimura & Antle Product Company" and "Tamimura & Antle Package Company," the companies named in the Amended Complaint are not actual legal entities. *See* Docket Entry No. 1 at n.1.

² The Walmart Defendants assert that the store at issue is operated by Walmart Stores East, LP, and that it is expected that Walmart Stores East, LP will be substituted for Wal-Mart Defendants as the proper Walmart entity defendant in this matter. *See* Docket Entry No. 29 at n. 1 & 2.

3

## III. STANDARD OF REVIEW

In reviewing a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). However, the pleadings must provide the grounds for Plaintiff's entitlement to relief and consist of more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

While a court should liberally construe the pleadings of a *pro se* plaintiff, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the court is not required to supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

## IV. ANALYSIS

The motion to dismiss should be granted, and the Wal-Mart Defendants and Defendant CMI should be dismissed from this case. As an initial matter, Plaintiff has not directly addressed and rebutted the three specific arguments for dismissal raised by the moving Defendants. Thus, his response can reasonably be viewed as conceding the legal soundness of the arguments for dismissal raised by the moving Defendants.

4

Even if the moving Defendants' arguments had been directly addressed by Plaintiff, however, the motion to dismiss should still be granted. With respect to Plaintiff's claims under, 42 U.S.C. § 1983, the Court has already reviewed and explained the lack of legal merit for such claims in this case. Plaintiff has not set forth any new or additional facts in his Amended Complaint that changes the analysis of the Section 1983 claims and support their viability. The Section 1983 claims have therefore already been dismissed with prejudice.

With respect to Defendant CMI, Plaintiff's Amended Complaint simply contains insufficient factual allegations that are specifically directed at the actions of CMI and that would support a legal claim against CMI. Indeed, it is entirely unclear exactly what legal claim Plaintiff asserts against this defendant and what conduct CMI is alleged to have taken that injured Plaintiff and would support a claim of liability against CMI even if taken as true. CMI is therefore properly dismissed as a party defendant.

With respect to the Wal-Mart Defendants, they raise a sound legal argument for their dismissal from this case. The TPLA provides that a manufacturer or seller may be held liable for injuries resulting from the use of a product if the product is found to have been defective[3] or unreasonably dangerous when it left the control of the manufacturer or seller. Tenn. Code Ann. § 29–28–105(a). A claim against a seller under the TPLA, however, cannot be maintained except in certain enumerated circumstances. *See* Tenn. Code Ann. § 29-28-106; *Heaton, Jr. v. Mathes*, 2020 WL 1652571 at *2 (Tenn.Ct.App. Apr. 3, 2020); *Cone v. Hankook Tire Co., Ltd.*, 2016 WL 7383731 at *3 (W.D.Tenn. Dec. 20, 2016). The Wal-Mart Defendants correctly point out that Plaintiff has not asserted in his Amended Complaint that any of these exceptions apply and has not alleged facts that would support a conclusion that any of these exception apply. Accordingly, Plaintiff's product liability claim against the Wal-Mart Defendants warrants dismissal for failure to state a plausible claim for relief. *Greer v. Motion Water Sports, Inc.*, 2018 WL 1907449 at *2 (M.D.Tenn. Apr. 23,

---

[3] A defective condition is defined as "a condition of a product that renders it unsafe for normal or anticipatable handling and consumption." Tenn. Code Ann. § 29-28-102(2).

2018) (granting a seller's Rule 12(b)(6) motion to dismiss where the pleadings included no facts to show that any of § 29–28–106's exceptions applied).

In his response, Plaintiff appears to argue that his lawsuit against the Wal-Mart Defendants is not merely for a products liability claim but that he also brings other legal claims against the Wal-Mart Defendants for strict liability, negligence and negligence *per se*,[4] and breach of express and implied warranties. This argument lacks merit. The TPLA defines a "Product liability action" as encompassing:

> all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. "Product liability action" includes, but is not limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. § 29-28-102(6). Regardless of his assertion of other legal theories of liability, his allegations are directed at a product liability action that is governed by the TPLA and he does not actually assert different legal claims even though he phrases his alternative claims in the jargon of other legal theories. *See Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 749 (Tenn. 2015); *Fulton v. Pfizer Hospital Products Group, Inc.*, 872 S.W.2d 908, 911(Tenn.App.1993); *Irion v. Sun Lighting, Inc.*, 2004 WL 746823 at *3 (Tenn.Ct.App. Apr. 7, 2004) (although the plaintiff alleged alternative theories of negligence and breach of implied warranty, her lawsuit was a product liability action governed by the TPLA). Plaintiff fails to state claims for relief by his alternative theories. *Greer*, 2018 WL 1907449 at *4.

Finally, Plaintiff states in his response that "Defendants" have violated "both Tennessee Food, Drug, and Cosmetic Act, Tennessee Code Annotated, Title 53." *See* Response at 4. This statement fails to save his claims against the Wal-Mart Defendants from dismissal. First, Plaintiff

---

[4] The Court notes that, although Plaintiff pled negligence in his Amended Complaint, he did not assert negligence *per se* as a basis for his lawsuit. *See* Amended Complaint at 2.

has not alleged in his Amended Complaint a claim based on a violation of the Tennessee Food, Drug & Cosmetic Act, Tenn. Code Ann. §§ 53-1-101 *et seq.*, and raises the claim for the first time in his response to the motion to dismiss. A claim not previously asserted cannot be raised in a response to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Further, a brief and cursory reference to the general violation of a statute fails to support a viable legal claim for relief. *See Gentry v. Hershey Co.*, 687 F.Supp.2d 711, 723 (M.D. Tenn. 2010) (granting summary judgment on negligence *per se* claim brought under Tennessee Food, Drug, and Cosmetic Act when plaintiff made unspecific allegations of a violation of the statute).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 29) filed by Defendants Wal-Mart Supercenter, Wal-Mart Inc., and Claims Management Inc., be GRANTED and that these three Defendants be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge