IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC C. PENDLETON )
)
v. ) NO. 3:19-0695
)
WAL-MART SUPERCENTER, et al. )

**TO: Honorable William L. Campbell, Jr., District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 9, 2019 (Docket Entry No. 6), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant Tanimura & Antle Fresh Foods, Inc. (Docket Entry No. 52), to which no response in opposition has been filed. For the reasons discussed below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

Eric C. Pendleton ("Plaintiff") is a Tennessee resident. On August 9, 2019, he filed this lawsuit *pro se* and *in forma pauperis*, alleging that he became extremely ill and required hospitalization after eating romaine lettuce that he had purchased from a Wal-mart Super Center store in Nashville, Tennessee on November 15, 2018. *See* Amended Complaint (Docket Entry No. 22) at 5. He contends that he learned from news reports around the Thanksgiving holiday that the lettuce was contaminated with the E. coli pathogen and had been recalled. *Id*. He contends that he then went to a local hospital's emergency room because of his sickness and to confirm his suspicion that he had contracted E. coli, but asserts that he did not receive a diagnosis from the

medical staff. *Id*. at 5-6. Plaintiff alleges that he subsequently became very sick again and passed blood in his stool, causing him to return to the emergency room on December 9, 2018. *Id*. at 7. He alleges that he remained in the hospital until December 16, 2018, because he needed blood transfusions due to a loss of blood. *Id*. at 7-8. Plaintiff alleges that he filed a claim with the Wal-Mart Super Center about the contaminated lettuce but that the only outcome of the claim was that he eventually found out the name of the vendor of the lettuce. *Id*. at 8-9.

Plaintiff alleges that suffered personal injury, as well as economic loss and mental anguish, because of the illness and lingering medical complications he has endured after eating the contaminated lettuce. He seeks $100,000.00 in compensatory damages and $2,000,000.00 in punitive damages. *Id*. at 12-13. Plaintiff asserts that his lawsuit is brought under diversity jurisdiction for claims of strict products liability, product liability, defective product, negligence, and breach of express and implied warranties. *Id*. at 2.[1] Plaintiff eventually named Wal-Mart Supercenter, Wal-Mart, Inc. ("Wal-Mart"), Claims Management, Inc.("CMI"), Tmimura & Antle Product Company, and Helena Beckett, Tamimura & Antle Package Company as the defendants to his claims.[2]

By Order entered May 6, 2020 (Docket Entry No. 45), the Court adopted a Report and Recommendation (Docket Entry No. 43) to grant the motion to dismiss filed by Defendants Wal-Mart Supercenter, Wal-Mart, and CMI and these Defendants were dismissed from the case. The Defendants argued that Plaintiff failed to state a claim for relief against Defendant CMI and that Plaintiff failed to allege facts that supported a claim against the Wal-Mart Defendants under the Tennessee Products Liability Act ("TPLA"), Tenn. Code. Ann §§ 29-28-101 *et seq*., as the seller of

---

[1] Although Plaintiff also referred in the Amended Complaint to violations of his federal constitutional rights, the Court previously determined upon initial review that Plaintiff failed to state claims under 42 U.S.C. § 1983 for constitutional violations. *See* Order entered September 9, 2019 (Docket Entry No. 6).

[2] Although Plaintiff's initial complaint also named as defendants "Adam, Claims Manager," "John and Jane Does," and Bonita Package Company, these defendants were either dismissed by Order of the Court, *see* Order entered September 9, 2019, or were no longer named as defendants in Plaintiff's Amended Complaint.

the allegedly contaminated lettuce. *See also* Order entered June 25, 2020 (Docket Entry No. 59) (denying Plaintiff's late filed objection to the recommendation for dismissal).

Although it was not specifically named as a defendant in the Amended Complaint, an answer was filed by Tanimura & Antle Fresh Foods, Inc. ("Tanimura & Antle"). *See* Answer (Docket Entry No. 41). Tanimura & Antle states that "Tmimura & Antle Product Company" and "Tamimura & Antle Package Company," the companies named in the Amended Complaint, are not actual legal entities. *See* Answer at 1, n.1.[3] Pursuant to a scheduling order, *see* Docket Entry No. 44, the parties were provided with a period of time for pre-trial activity in the case.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant Tanimura & Antle seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendant supports its motion with a Memorandum (Docket Entry No. 56), a Statement of Undisputed Material Facts (Docket Entry No. 57), and the Declaration of Dr. James Sizemore, a physician licensed in Tennessee who specialized in the diagnosis and treatment of infectious diseases (Docket Entry No. 52-1). In its motion, Defendant raises a single argument for dismissal. Defendant contends that Plaintiff's case is predicated on the allegation the he contracted E. coli from lettuce distributed by Defendant which caused him to be hospitalized but that this allegation is unsupported by the evidence uncovered in discovery. *See* Memorandum at 3. Specifically, Defendant contends that Plaintiff's medical records from the St. Thomas Midtown Hospital for the two occasions when Plaintiff alleges that he sought medical attention do not contain any indication that he was infected with E. coli and, in fact, the records from the hospital visit in December 2018 show that Plaintiff tested negative for the disease. *See* Declaration of Sizemore at ¶¶ 2-3.

---

[3] The Court notes that process for "Helena Beckett, Tanimura and Antle," a defendant named in the Amended Complaint, was returned unexecuted. *See* Docket Entry No. 39. Thus, dismissal of this Defendant under Rule 4(m) of the Federal Rules of Civil Procedure is appropriate.

The Court notified Plaintiff of the need to respond to the motion for summary judgment and gave him a deadline of July 17, 2020, to file a response. *See* Order entered June 10, 2020 (Docket Entry No. 57). The Court subsequently extended Plaintiff's response deadline to August 31, 2020. *See* Order entered August 3, 2020 (Docket Entry No. 65).[4]

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion

---

[4]By a Notice of Amended Certificate of Service filed August 2, 2020, Defendant Tanimura & Antle stated that it learned that the motion for summary judgment initially sent to Plaintiff was returned undelivered because it was sent to the address that Plaintiff used when he filed this action and this was no longer a valid address. *See* Docket Entry No. 64. Although Plaintiff failed to file a change of address notice, he had used his current address on recent filings, and Defendant states it re-mailed its motion to Plaintiff at this address on August 2, 2020. *Id*.

4

must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252)

## IV. ANALYSIS

### A. The proper Defendant

Initially, the Court notes that Plaintiff has taken no steps to amend his pleadings to substitute Tanimura & Antle Fresh Foods, Inc., as the proper defendant in place of named defendants who appear to not be actual legal entities. Although it is Plaintiff's obligation to ensure that he has named the actual and correct defendant that he intends to sue, the Court will nonetheless proceed as if Tanimura & Antle had already been substituted as the proper defendant in the case.

### B. Plaintiff's claims

In the prior Report and Recommendation, which was adopted and approved, the Court found that Plaintiff's lawsuit raised only claims under the TPLA even though he referred to other legal theories in his Amended Complaint. *See* Report and Recommendation at 6 ("Regardless of his assertion of other legal theories of liability, his allegations are directed at a product liability action that is governed by the TPLA and he does not actually assert different legal claims even though he phrases his alternative claims in the jargon of other legal theories."). This conclusion applies equally to the lawsuit as it pertains to Defendant Tanimura & Antle.

### C. Merits of Plaintiff's TPLA Claim

Plaintiff's allegations were sufficient to permit his complaint to survive initial review. However, he has not responded to the motion for summary judgment and has not provided the Court with evidence that supports his claims and that rebuts the motion. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant Tanimura & Antle.

5

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting the claims at issue and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to the motion for summary judgment, has not rebutted Defendant's evidence or arguments, and has not supported his TPLA claim with any affirmative evidence. This is so even though the Court specifically advised Plaintiff of the need to respond to the motion and gave him an extended response deadline. Additionally, Plaintiff has not specifically responded to Defendant's Statement of Undisputed Facts (Docket Entry No. 55), as required by Rule 56.01(c) of the Local Rules of Court. His failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

The Court acknowledges that the undisputed facts set forth by Defendant are minimal. Indeed, the only evidence presented to the Court consists of limited medical evidence from Dr. Sizemore that Plaintiff did not test positive for E. coli during either of his two hospital visits. The threadbare quantum of evidence presented by Defendant is matched by an equally threadbare legal argument that consists of only 4 sentences and contains no direct analysis of the TPLA claim

raised by Plaintiff. *See* Memorandum at 3. Nevertheless, because review of a request for summary judgment requires the Court to "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial," *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000), the Court will consider Defendant's cursory legal argument with respect to the merits of Plaintiff's TPLA claim.

To recover under the TPLA, Plaintiff has the burden of proving causation for his claimed injuries by showing that the alleged defect in the product at issue was the cause in fact of his injuries. *Pride v. BIC Corp.*, 218 F.3d 566, 580 (6th Cir. 2000); *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276, 281 (Tenn.Ct.App. 1977). Even if the Court assumes as true for the purposes of deciding Defendant's motion that the lettuce that was eaten by Plaintiff was contaminated with E. coli, the evidence set forth by Defendant shows that Plaintiff was not infected with E. coli on either occasion that he went to the hospital. Given this evidence, the burden falls on Plaintiff to set forth evidence on the issue of causation that is sufficient for a reasonable jury to find that the lettuce he ate was the cause of his injuries. Plaintiff's failure in this regard is sufficient to grant summary judgment in favor of Defendant. *See Pride*, *supra*; *Downs v. Perstorp Components, Inc.*, 26 Fed.App'x 472, 477 (6th Cir. 2002) ("without admissible expert testimony on causation, no reasonable jury could find for plaintiffs because Tennessee law requires proof of causation [for claim under TPLA]"); *Richardson v. GlaxoSmithKline*, 412 F.Supp.2d 863, 871 (W.D. Tenn. 2006) (summary judgment to the defendant granted because the plaintiff could not establish a key element of his TPLA without expert testimony on the issue whether the defendant's product was the proximate cause of his injuries). *See also In re Conagra Peanut Butter Prod. Liab. Litig.*, 2012 WL 12871824, at *2 (N.D.Ga. Feb. 7, 2012) (summary judgment granted to the defendant in product liability case under Illinois law when medical evidence showed the plaintiff did not test positive for Salmonella that was alleged to have infected the defendant's product).

## RECOMMENDATION

Based on the foregoing, the it is respectfully RECOMMENDED that the motion for summary judgment filed by Defendant Tanimura & Antle Fresh Foods, Inc. (Docket Entry No. 52) be GRANTED and that this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge