IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC C. PENDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00695 |
| | ) | |
| WAL-MART SUPERCENTER, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 66), recommending the Court grant the motion for summary judgment filed by Defendant Tanimura & Antle Fresh Foods, Inc. (Doc. No. 52), and dismiss this action. As the Magistrate Judge explained in the Report, Plaintiff did not file a response to Defendant's motion, despite having been granted an extension of time to do so. The Report advised the parties that any objections must be filed within 14 days of service. Rather than file objections, Plaintiff has filed a "Response to Walmart Supercenter's Motion for Summary Judgment." (Doc. No. 67).[1] The Court will construe this filing as an objection to the Report and Recommendation.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.*

---

[1] Walmart Supercenter was dismissed as a defendant by prior Order. (Doc. No. 45).

(quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff alleges he contracted an E. coli infection, requiring medical treatment, after eating romaine lettuce he purchased at a local Walmart store. In determining that summary judgment is appropriate, the Magistrate Judge relied on the Declaration of Dr. James Sizemore (Doc. No. 52-1), filed by Defendant in support of its motion. Dr. Sizemore, a physician licensed in Tennessee who specializes in the diagnosis and treatment of infectious diseases, states that he has reviewed Plaintiff's medical records from his two visits to St. Thomas Midtown Hospital, and those records do not contain any indication Plaintiff was infected with E. coli. Indeed, according to Dr. Sizemore, Plaintiff tested negative for the disease during the December 2018 visit.

Although most of Plaintiff's Response does not address the issues addressed in the Report and Recommendation,[2] Plaintiff does argue that he is entitled to proceed to trial on a "consumer expectation" theory, which does not require the presentation of expert proof. Under this theory, according to Plaintiff, a products liability action may proceed without expert proof if it involves a product with which a reasonable consumer would be familiar. Because "ordinary romaine lettuce"

---

[2] Plaintiff's Response contains the following assertions: (1) Dr. Robert W. Robinson was negligent in failing to test Plaintiff for infections, including E. coli, during Plaintiff's treatment at the St. Thomas Midtown Hospital Emergency Room; (2) Walmart should have contacted the Metro Health Department and the Centers for Disease Control and Prevention after Plaintiff filed a claim with customer service; and (3) during a visit to a gastroenterology physician a month later, Plaintiff was told Dr. Robinson should have tested Plaintiff for E. coli, and stated that "when Plaintiff had return (sic) back to the E.R. the second time the E. coli had pass-through after all the bleeding." (Doc. No. 67, at 6). In the Response, Plaintiff also seeks to assert claims for breach of warranty and strict liability,

2

is not a complicated product, Plaintiff argues, his testimony is sufficient to establish that romaine lettuce contaminated with E. coli bacteria is unreasonably dangerous.

Even if the Court accepts that contaminated romaine lettuce is unreasonably dangerous, however, Plaintiff is still required to prove that his illness was caused by the E. coli bacteria he claims was present in the romaine lettuce he consumed. *McElroy v. Amylin Pharm., Inc.*, 573 Fed. Appx. 545, 546 (6th Cir. Aug. 5, 2014) ("To prevail on a products-liability claim under Tennessee law, a plaintiff must prove that a defective product proximately caused him to be injured.") The only medical evidence in the record indicates that he did not suffer from an E. coli infection. To the extent Plaintiff believes the gastroenterologist he visited in January 2019 could support his claim, he has had ample time to obtain and file a declaration or other admissible testimony by the physician to that effect. Plaintiff has failed to do so. Accordingly, Plaintiff has failed to establish the Magistrate Judge erred in recommending his claim be dismissed.

Having fully considered Plaintiff's filing, the Court concludes his arguments are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, the Motion for Summary Judgment (Doc. No. 52), filed by Defendant Tanimura & Antle Fresh Foods, Inc., is **GRANTED.**

All claims having been dismissed, this Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE